OPINION
Appellant Robin Garner appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted permanent custody of her children to the Stark County Department of Human Services ("Agency"). The following facts give rise to this appeal. Appellee Agency has been involved with appellant and her children for a number of years. On August 27, 1996, the Agency filed a complaint alleging the children were abused, neglected and dependent. This complaint was the result of a visit by a social worker on July 30, 1996. Upon arriving at appellant's residence, the social worker smelled the odor of cat urine emanating from appellant's residence. Inside the residence, the social worker found approximately thirty cats and only one litter box. The social worker observed that a bedroom floor was covered with cat feces and the carpet was soaked with cat urine. The house was also flea and roach infested. In addition to these living conditions, the children suffered from mental and physical abuse. Following the filing of this complaint, the Agency removed Kimberly, born April 26, 1986, and Kenneth, born October 15, 1987, due to severe neglect and appellant's ongoing mental health and chemical dependency problems. The trial court found the children to be neglected and placed them in long-term foster care. In February 1997, the trial court reviewed the case and noted that they experienced problems following visits with appellant. Thereafter, the trial court limited appellant to monthly visits. In January 1998, the case plan was amended to address appellant's mental health and substance abuse problems. On June 29, 1999, the Agency filed a motion for permanent custody. The motion was based on the children's long-term placement in foster care, appellant's failure to complete case plan objectives and appellant's severe and chronic mental health and substance abuse problems. The trial court conducted a permanent custody trial on September 20, 1999. The trial court issued its judgment entry, on September 27, 1999, granting permanent custody of appellant's two children to the Agency. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
I. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES (SIC) MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In her sole assignment of error, appellant contends the trial court's decision granting permanent custody of her two children to the Agency is against the manifest weight of the evidence. We disagree. As an appellate court, we do not weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Thus, a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. It is based on this standard that we review appellant's sole assignment of error. Under R.C. 2151.41.4(B)(1)(a), the trial court concluded appellant's children could not be placed with her within a reasonable time or should not be placed with her. The trial court based its conclusion on the fact that appellant failed to complete her case plan. Findings of Fact and Conclusion of Law, Sept. 27, 1999, at 2. The trial court also considered the testimony of Ralph Ricksecker, a certified counselor from NOVA, who recommended that the children not be returned to appellant. Id. at 2. The trial court then proceeded to address the factors it found present in support of its conclusion that appellant's children could not be placed with her within a reasonable time or should not be placed with her. The trial court found that notwithstanding reasonable case planning and diligent efforts by the Agency to assist appellant to remedy the problems that initially caused them to be placed outside the home, appellant has failed continuously and repeatedly for a period of six months to substantially remedy the conditions causing the children to be placed outside their home. R.C. 2151.41.4(E)(1). Also, appellant demonstrated a lack of commitment toward the children by failing to regularly support, visit, care and communicate with them when able to do so. Appellant also has shown an unwillingness to provide an adequate permanent home for the children. R.C. 2151.41.4(E)(4). In considering the best interests of the children, the trial court addressed the factors contained in R.C. 2151.41.4(D). Specifically, the trial court found that the children bonded very little with appellant. R.C. 2151.41.4(D)(1). The trial court also referred to the report of the guardian ad litem in which she strongly recommended that permanent custody of the children be granted to the Agency. R.C. 2151.41.4(D)(2). Finally, the trial court noted that the children were placed in long term foster care on November 21, 1996. R.C. 2151.41.4(D)(3). Based on these findings of fact, the trial court concluded that it was in the best interests of appellant's children to grant permanent custody to the Agency. We find the trial court's decision to grant permanent custody, to the Agency, is not against the manifest weight of the evidence. The trial court's findings of fact are supported by the testimony presented at trial. At trial, the children's counselor, Victoria Boatright, testified that she has been counseling the children for approximately one and a half years. Tr. at 7. Ms. Boatright stated that she has addressed numerous behavior problems with the children as well as placement issues as a result of the children being in multiple placements over the past several years. Id. at 8-9. Ms. Boatright observed one visit between the children and appellant. Id. at 9. At this visit, both children were overactive and unable to control their behavior around appellant. Id. at 9-10. Appellant was unable or unwilling to respond to this situation and control the children. Id. at 12. Ms. Boatright testified that she has concerns regarding appellant's parenting skills after observing this visit. Id. at 13. In June 1999, Ms. Boatright recommended that visitation between appellant and the children terminate as both children expressed their desire to discontinue visitation with appellant. Id. at 14-16. Both children suffer from ADHD and anxiety disorders which have substantially improved since the termination of visits with appellant. Id. at 19-21. Ms. Boatright recommended that the children be placed in the permanent custody of the Agency. Id. at 21-22. Andy Fussell, the Agency's family service worker, testified that he had been assigned to the case since April 1998. Id. at 44. Mr. Fussell reviewed the objectives of appellant's case plan with her on numerous occasions. Id. at 45-46. As of the date of trial, Mr. Fussell testified that appellant had not substantially complied with her case plan services. Id. at 46. Mr. Fussell further testified that he did not foresee reunification with appellant occurring within the next six months. Id. at 51. In Mr. Fussell's opinion, the trial court should consider granting permanent custody, of the children, to the Agency. Id. at 47-48. Mr. Fussell also testified concerning the best interests of the children. Kimberly is thirteen years old and received counseling to address some emotional problems. Id. at 73. Mr. Fussell also noted that Kimberly has a learning disability, but both the emotional and learning disability problems have improved. Id. at 74. Kenneth is eleven years old and also has some emotional problems for which he received counseling. Id. at 74-75. Both children were placed together in the same foster home and have bonded to each other. Id. at 76. Mr. Fussell did not believe a bond existed between appellant and her children. Id. at 77. Mr. Fussell believed it was in the best interests of the children to grant the Agency's motion for permanent custody. Id. Appellant's case manager and therapist from NOVA, Mr. Ralph Ricksecker, also testified. Most of his contact with appellant began in January 1999. Id. at 58. Appellant was diagnosed as cocaine dependent, in full remission; marijuana abuse, in partial sustained remission; and alcohol abuse, in partial sustained remission. Id. at 65-66. Mr. Ricksecker testified that appellant has on-going treatment in the drug and alcohol program. Id. at 60. Appellant admitted, to Mr. Ricksecker, to using drugs in January 1999. Id. at 66. At the time of trial, appellant had three and one half weeks of a six week drug and alcohol treatment program left to complete. Id. Mr. Ricksecker also testified about his concerns regarding appellant's living arrangements. Id. at 68-69. Appellant lives with two other women and numerous animals. Id. at 69. Mr. Ricksecker further testified that appellant needs to complete a parenting program, however, a referral had not been made yet due to appellant's involvement in the drug and alcohol treatment program. Id. at 71. Appellant also testified. She admitted that she was unemployed and lived with two women. Id. at 38. Appellant further admitted that within the past three years, she has not completed any services on her case plan. Id. at 41. Appellant could not give the trial court a time frame in which she could complete her services so she could be reunited with her children. Id. at 42. Based on the above testimony, we conclude the trial court's decision granting permanent custody of appellant's children, to the Agency, is not against the manifest weight of the evidence. The trial court's decision is supported by relevant, competent and credible evidence addressing the factors contained in R.C. 2151.41.4. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
FARMER, P.J., and EDWARDS, J., concur.